UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMANDA HUTSON, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:09CV1233 JCH |
| ) | |
| KOHNER PROPERTIES, INC., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Remand, filed October 2, 2009. (Doc. No. 9). The matter is fully briefed and ready for disposition.

## LEGAL STANDARD

Defendant, as the party seeking removal and opposing remand, has "the burden of establishing federal subject matter jurisdiction." Staggs Corp. v. Ill. Emcasco Ins. Co., No. 4:08CV828, 2008 U.S. Dist. LEXIS 69408, at *2 (E.D. Mo. Sept. 15, 2008) (citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993)); Riffert v. Walgreen Co., No. 4:07CV1912, 2008 U.S. Dist. LEXIS 12751, *3 (E.D. Mo. Feb. 20, 2008) (citing Rolwing v. NRM Corp., No. 1:05CV81, 2005 WL 1828813, *2 (E.D. Mo. Aug. 2, 2005)). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citation omitted).

"There are two types of preemption under ERISA: 'complete preemption' under ERISA § 502, 29 U.S.C. § 1132, and 'express preemption' under ERISA § 514, 29 U.S.C. § 1144." Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc., 413 F.3d 897, 907 (8th Cir. 2005).

Complete preemption occurs whenever Congress "so completely [preempts] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64, 95 L. Ed. 2d 55, 107 S. Ct. 1542 (1987). "Claims arising under the civil enforcement provision of Section 502(a) of ERISA, 29 U.S.C. § 1132(a), including a claim to recover benefits or enforce rights under the terms of an ERISA plan, implicate one such area of complete preemption." Neumann v. AT&T Communications, Inc., 376 F.3d 773, 779 (8th Cir. 2004). Because of complete preemption, any claim filed by a plan participant for the same relief provided under ERISA's civil enforcement provision, even a claim purportedly raising only a state-law cause of action, arises under federal law and is removable to federal court. Id. at 779-80; see also Fink v. Dakotacare, 324 F.3d 685, 688-89 (8th Cir. 2003).

In contrast, ERISA's express preemption clause preempts any state law that "relates to any employee benefit plan." 29 U.S.C. § 1144(a). Although express preemption does not allow for automatic removal to federal court, it does provide an affirmative defense against claims not completely preempted under ERISA § 502. Ellis v. Liberty Life Assurance Co. of Boston, 394 F.3d 262, 275 n.34 (5th Cir. 2004); cf. Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998).

Prudential Ins. Co. of Am., 413 F.3d at 907. A claim "relates to" an employee benefit plan if it has a connection with or reference to such a plan, or where resolution of the claim is substantially dependent on an analysis of the terms of the benefit plan. Keim v. Wash. Univ., No. 4:07CV533, 2007 U.S. Dist. LEXIS 33430, at *4-5 (E.D. Mo. May 7, 2007) (internal citations omitted); see also Avenevoli v. Lockton Cos., No. 4:07CV1867, 2008 U.S. Dist. LEXIS 13587, at *7 (E.D. Mo. Feb. 22, 2008). "Therefore, a state law cause of action is subject to removal only where the claim 'relate[s] to any employee benefit plan,' 29 U.S.C. § 1144(a), such that the claim is preempted by federal law, and the claim seeks to recover benefits due or enforce rights under the terms of a plan, 29 U.S.C. § 1132(a) [or § 1140], such that the exclusive cause of action is under federal law." Keim, 2007 U.S. Dist. LEXIS 33430, at *5 (citation omitted).[1]

---

[1]ERISA mandates that, "the provisions of this subchapter and subchapter III of this chapter shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." 29 U.S.C. § 1144(a). In interpreting this language, the Supreme Court has held that a law "relates to" an employee benefit plan if it has a connection with, or reference to, such a plan. Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

The existence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that, "federal question jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint." Avenevoli, 2008 U.S. Dist. LEXIS 13587, at *5 (citation omitted). One corollary of the well-pleaded complaint rule, however, is that "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in nature." Id. (citation omitted). With respect to the ERISA statute, preemption is extremely broad, and thus "any complaint that primarily seeks enforcement of ERISA is properly removable to federal court." Id. at *3-4.

## **DISCUSSION**

On June 15, 2009, Plaintiff filed a one count petition ("Petition" or "Pet.") in this matter in the Circuit Court of the County of St. Louis, Missouri. (Pet., Doc. No. 3; Plaintiff's Motion to Remand ("Motion"), Doc. No. 9, ¶ 1). In her Petition, Plaintiff alleges a claim for sex and pregnancy discrimination in violation of the Missouri Human Rights Act ("MHRA"). (Id.) Plaintiff alleges that Defendant began discriminating against Plaintiff after she notified her employer that she was pregnant. (Pet., ¶¶ 7-11). Plaintiff alleges that Defendant knew that she was scheduled to commence her maternity benefits on February 11, 2008. (Pet., ¶¶ 12-13). Plaintiff alleges that "Defendant terminated Plaintiff three (3) days before Plaintiff was scheduled to receive company paid health insurance benefits and five (5) days before Plaintiff was scheduled to being maternity leave." (Pet., ¶ 15). Plaintiff also alleges that, "[a]s a result of Defendant's conduct and actions, Plaintiff has suffered lost wages and benefits of employment." (Pet., ¶ 20). Finally, in her prayer for relief, Plaintiff seeks damages including "Plaintiff's lost wages and benefits of employment." (Pet., p. 4).

In the Response in Opposition to Plaintiff's Motion to Remand by Defendant Kohner Properties, Inc. ("Response"), Defendant asserts that this Court has federal subject matter jurisdiction

under 28 U.S.C. §§ 1331 because Hutson's MHRA claim actually "arises under" ERISA, 29 U.S.C. §§1001, *et seq*. (Response, Doc. No. 11, p. 2). First, Defendant asserts that "Plaintiff's claims in the instant matter, asserted under the auspices of MHRA, 'relate to' an ERISA plan in that they are premised on the allegation that Defendant terminated her so as to interfere with and/or prevent her ability to obtain health insurance benefits under [Defendant's] group health insurance plan, and Plaintiff seeks to recover damages in the form of said lost [health] insurance benefits." (Response, p. 5). Second, Defendant asserts that Plaintiff alleged interference claim that falls within the scope of Section 502(a) of ERISA because Plaintiff alleges that Defendant terminated to preclude her from becoming eligible for benefits under the ERISA health plan. (Response, pp. 5-12); see also Response, p. 10 ("the allegations in Plaintiff's Petition give rise to a benefits-defeating motivation"). Third, Defendant asserts that Plaintiff's claims require the Court to review and interpret the terms of the ERISA health insurance plan. (Response, pp. 12-13).

This case is analogous to other Eastern District of Missouri courts that have determined that federal district courts lack federal subject matter jurisdiction in employment discrimination cases that seek lost benefits merely as damages. In Keim v. Washington University, plaintiff alleged claims for discrimination on the basis of age and sex, and alleged that "two weeks after she reached the age of 45 years and became eligible for increased benefits from defendant, she was discharged." 2007 U.S. Dist. LEXIS 33430, at *7. The Court held that this language did "not allege that plaintiff's eligibility for increased benefits was a motivating factor in the determination to discharge plaintiff." Id. Likewise, in Avenevoli v. Lockton Companies, Plaintiff alleged that she was discriminated against and terminated based upon her handicap. 2008 U.S. Dist. LEXIS 13587, at *8. The Avenevoli court held that plaintiff's claim for "lost benefits," as part of her damages, did not create an ERISA claim. Id. at *8-10; see also Neumann, 376 F.3d at 781 (Eighth Circuit distinguished that case from "those

- 4 -

in which a plan participant merely seeks to recover lost plan benefits as damages for a wrongful discharge from employment that is unrelated to the benefit plan" whereby ERISA's complete preemption would not apply).

This Court finds that the crux of this action is Plaintiff's claim for sex and pregnancy discrimination under the MHRA. Plaintiff's alleged loss of benefits merely is peripheral to her MHRA claim, which exists independently from any alleged ERISA cause of action. Plaintiff did not claim that her employer's motive in terminating her employment was to terminate her benefits. See Karambelas v. Hughes Aircraft Co., 992 F.2d 971, 974 (9th Cir. 1993). Rather, Plaintiff alleges that she lost benefits as a result of her termination. "No reference or reliance upon ERISA is necessary for Plaintiff to prove her claim of discrimination." Avenevoli, 2008 U.S. Dist. LEXIS 13587, at *8. The Court finds that this case lacks federal subject matter jurisdiction because it does not arise under or relate to ERISA.

In her Motion to Remand, Plaintiff also seeks attorneys' fees pursuant to 28 U.S.C. § 1447(c). As Defendant had an objective reasonable basis for removal, Plaintiff's request will be denied. See Avenevoli, 2008 U.S. Dist. LEXIS 13587, at *11 (citing Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005)).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (Doc. No. 9) is **GRANTED**, in part, and **DENIED**, in part.

**IT IS HEREBY FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the County of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's request for attorneys' fees is **DENIED**.


Dated this 28th day of October, 2009.


                                              /s/ Jean C. Hamilton

                                              UNITED STATES DISTRICT JUDGE